UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SHAUN ROSIERE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Case No. 16-cv-02765-LB<br><br>**ORDER TRANSFERRING CASE TO DISTRICT OF NEVADA**<br><br>Re: ECF No. 12 |

## INTRODUCTION AND BACKGROUND

This is a Freedom of Information Act ("FOIA") case.[1] Shaun Rosiere, proceeding *pro se* and *in forma pauperis*, requested Department of Justice records relating to two criminal cases and one civil case (case numbers 1:08-cr-00629, 1:09-00720, and 1:05-cv-02589).[2] The documents are located in Trenton, New Jersey, and Denver, Colorado.[3] Although Mr. Rosiere submitted his FOIA requests between March 24 and April 6, 2016, the government has not responded.[4] Mr. Rosiere therefore initiated this suit.[5]

---

[1] Compl. — ECF No. 1. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.
[2] *Id.* ¶ 1, Exs. 1–6.
[3] *Id.* Exs. 1–6.
[4] *Id.* ¶ 2–3, Exs. 1–6.
[5] *See generally id.*

1    The United States moves to dismiss for improper venue, or alternatively, transfer the case to a
2    proper venue.[6] The court can decide the matter without oral argument, *see* N.D. Cal. Civ. L.R. 7-
3    1(b); and although Mr. Rosiere declined magistrate jurisdiction, a motion to transfer is non-
4    dispositive and thus this court can decide the issue. *See Pavao v. Unifund CCR Partners*, 934 F.
5    Supp. 2d 1238, 1241 n.1 (S.D. Cal. 2013) (collecting cases). The court transfers the case to the
6    District of Nevada, where Mr. Rosiere resides.

**GOVERNING LAW**

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a case for improper venue. If venue is improper, the court may either dismiss the case without prejudice, or, if it is in the "interest of justice," may transfer the case "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *In re Hall, Bayoutree Assoc., Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991) (any dismissal for improper venue must be without prejudice). Ordinarily, the interest of justice requires transfer to the proper venue rather than dismissal. *See Baeta v. Sonchik*, 273 F.3d 1261, 1264–65 (9th Cir. 2001).

After a defendant challenges venue, the plaintiff has the burden to show that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979); *Munson v. California,* No. C 08-5053 SBA, 2009 WL 264838, *1 (N.D. Cal. Feb. 4, 2009). When considering a Rule 12(b)(3) motion, the court need not accept as true all allegations in the complaint and may consider facts outside the pleadings. *See Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004). Still, the court "is obligated to draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Id.* at 1138.

---

[6] Motion to Dismiss or Transfer — ECF No. 12.

2

## ANALYSIS

Venue is generally governed by 28 U.S.C. § 1391, but FOIA has its own venue provision and thus § 1391 does not apply. *See Johnson v. Payless Drug Stores Northwest, Inc.*, 950 F.2d 586, 587-88 (9th Cir. 1991) (applying Title VII venue provision instead of section 1391); *Keen v. Federal Bureau of Investigation*, No. C 97-2657 TEH, 1997 WL 671711, *1 (N.D. Cal. Oct. 17, 1991). In FOIA cases, then, venue is proper in: (1) the district where the plaintiff resides or has his principal place of business; (2) the district where the records at issue are located; or (3) the District of Columbia. *See* 5 U.S.C. § 552(a)(4)(B).

Here, venue is not proper in the Northern District of California. Mr. Rosiere appears to reside in Las Vegas, Nevada: he provides a Las Vegas mailing address on his court filings.[7] The government argues that the Northern District is not Mr. Rosiere's business's principal place of business, and he does not provide any information to believe otherwise.[8] By Mr. Rosiere's own complaint, the records he seeks are located in Colorado and New Jersey, and thus not in the Northern District (or the District of Columbia).[9] Mr. Rosiere requests leave to amend his complaint in response to the government's motion.[10] He does not, however, provide any indication that he could amend his complaint — which seeks documents only in New Jersey and Colorado — to make venue proper in this district.[11]

In the interest of justice, instead of dismissing the case, the court transfers it to the District of Nevada, where Mr. Rosiere resides.

*   *   *

---

[7] *See* Compl. at 3; Notice — ECF No. 21 at 1, 2; Notice — ECF No. 24 at 1; Declination — ECF No. 31 at 2.
[8] Motion to Dismiss or Transfer at 5–6; Motion to Amend Compl. — ECF No. 28.
[9] Compl., Exs. 1–6.
[10] Motion to Amend Compl. — ECF No. 28.
[11] *See id.*

3

# CONCLUSION

The court transfers the case to the District of Nevada.

**IT IS SO ORDERED.**

Dated: September 27, 2016

_____
LAUREL BEELER
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHAUN ROSIERE,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 3:16-cv-02765-LB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 27, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Shaun Rosiere
7380 S. Eastern Ave.
Ste #124265
Las Vegas, NV 89123

Dated: September 27, 2016

    Susan Y. Soong
    Clerk, United States District Court

    By: _____
    Lashanda Scott, Deputy Clerk to the
    Honorable LAUREL BEELER